UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GARY AKINO,**

        **Plaintiff,**

v.                                                          Case No:  6:16-cv-183-Orl-41DCI

**MILLIKEN'S REEF, INC.,**

        **Defendant.**
                                                 /

**ORDER**

THIS CAUSE is before the Court on the Renewed Joint Motion for Approval of FLSA Settlement Agreement (Doc. 40). United States Magistrate Judge Daniel C. Irick issued a Report and Recommendation ("R&R," Doc. 41), in which he recommends that the motion be granted. Subsequently, the parties filed a Joint Notice of Non-Objection (Doc. 42) to the R&R.

After a *de novo* review of the record and noting that the parties filed a Joint Notice of Non-Objection (Doc. 42), this Court agrees with the analysis in the Report and Recommendation. But the Court must clarify its position regarding the general release included in the settlement agreement. Here, there is consideration for the general release that is separate from that being given in exchange for the settlement of Plaintiff's FLSA claims. Pursuant to *Lynn's Food Stores, Inc. v. United States*, this Court must determine whether a proposed settlement "is a fair and reasonable resolution of a bona fide dispute *over FLSA provisions*." 679 F.2d 1350, 1355 (11th Cir. 1982) (emphasis added). Moreover, "the release of non-FLSA claims is generally not subject to judicial scrutiny." *Shearer v. Estep Const., Inc.*, No. 6:14-cv-1658-Orl-41GJK, 2015 WL 2402450, at *4 (M.D. Fla. May 20, 2015). Accordingly, this Court does not express an opinion as to the validity of the separate general release agreement.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 41) is **ADOPTED** and **CONFIRMED** as set forth herein.

2. The following language is **STRICKEN** from the Settlement Agreement: "Non-Disparagement. No Party shall make or publish or instigate the making or publication of any statement (in verbal, written or electronic or other form) disparaging of the other Parties, their products, services, affairs or operations or their past or present directors, officers, employees, shareholders, owners or agents whether or not such disparagement constitutes libel or slander."

3. The Renewed Joint Motion for Approval of FLSA Settlement Agreement (Doc. 40) is **GRANTED** and this case is **DISMISSED with prejudice**.

4. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on May 1, 2017.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record